**EQUAL EMPLOYMENT OPPORTUNITY, COMMISSION,** Plaintiff,

v.

**U–HAUL INTERNATIONAL, INC., d/b/a U–Haul Company of Tennessee, and U–Haul Company of Tennessee, Defendants.**

No. 2:11–cv–02844–STA–dkv.

United States District Court, W.D. Tennessee, Western Division.

Sept. 7, 2012.

Anica C. Jones, Equal Employment Opportunity Commission, Nashville, TN, Kelley R. Thomas, Equal Employment Opportunity Commission, Memphis, TN, for Plaintiff.

David P. Jaqua, Carlyle C. White, Melody McAnally, Butler Snow O'Mara Stevens & Canada, PLLC, Memphis, TN, for Defendants.

## ORDER DENYING EEOC'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

DIANE K. VESCOVO, United States Magistrate Judge.

Before the court is the August 13, 2012 motion of the plaintiff, the Equal Employ-

ment Opportunity Commission ("EEOC"), seeking leave to amend its complaint, pursuant to Federal Rule of Civil Procedure 15(a). (Mot. for Leave to Amend Compl., D.E. 62.) Specifically, the EEOC seeks an amendment to add a retaliation claim on behalf of complainant Nathaniel Baldwin ("Baldwin"). The defendants, U–Haul International, Inc. and U–Haul Company of Tennessee (collectively referred to as "U–Haul"), filed a response in opposition to the motion on August 27, 2012. (D.E. 63.) The motion was referred to the United States Magistrate Judge for determination. (D.E. 64.) For the reasons set forth below, the EEOC's motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The EEOC filed this lawsuit on September 28, 2011, alleging that U–Haul allowed its managers and employees to subject a class of African–American employees, including Baldwin and other identified claimants, to racial harassment. (D.E. 1.) The EEOC also alleged that U–Haul retaliated against and constructively discharged other employees. The court issued a scheduling order on March 26, 2012, that established various dates and deadlines for the discovery process (*See* Scheduling Order, D.E. 25.) As relevant here, the scheduling order adopted May 31, 2012, as the deadline for the parties to file amended pleadings.

The EEOC now seeks to amend its complaint to add a claim of retaliation on Baldwin's behalf. Baldwin was an employee at the defendant U–Haul's Lamar Avenue facility in Memphis, Tennessee, from 2005 until he was terminated in September 2008. On November 7, 2008, Baldwin filed with the EEOC a charge of racial harassment and discrimination in relation to his employment with and termination from U–Haul. The EEOC issued an initial determination on November 9, 2010, that U–Haul had subjected Baldwin to racial harassment during his employment but that the evidence showed that Baldwin's termination was not because of his race. The EEOC and U–Haul held a conciliation meeting in April 2011, after which the

EEOC issued a second determination that Baldwin was not terminated because of race.

In the present motion seeking leave to amend the complaint, the EEOC alleges that evidence has just recently "come to light" revealing that U–Haul retaliated against Baldwin for filing his initial EEO complaint. (Pl.'s Mem. Supp. 1.) Specifically, the EEOC states that, at some unspecified time after Baldwin was terminated, U–Haul's human resources department informed Baldwin he would be reinstated and sent him to Carolyn George ("George"), the marketing company president, to get a new employee number. (*Id.* at 2.) According to the EEOC, Baldwin went to George for his employee number, but George told Baldwin she would not reinstate him because he had gone "over her head," presumably in making an EEO complaint. (*Id.*) U–Haul did not reinstate Baldwin. (*Id.*)

U–Haul opposes the motion seeking leave to amend the complaint to add a retaliation claim because it contends that the scheduling order's deadline for amending pleadings has passed, and the EEOC has not shown good cause to modify the scheduling order. (Def.'s Resp. Opp'n 4.) U–Haul argues that the EEOC had ample time to comply with the scheduling order's deadline if it would have been diligent. (*Id.* at 5.) U–Haul claims that the EEOC now seeks to add Baldwin's retaliation claim more than two and one-half years after first learning of it. (*Id.*) U–Haul further argues it will suffer prejudice if the EEOC is allowed to belatedly raise Baldwin's retaliation claim because U–Haul has not had the opportunity to conciliate such claim. (*Id.* at 5–6.)

## ANALYSIS

■ In order for the court to grant the relief the EEOC seeks, the requirements of both Rule 16(b) and Rule 15(a) of the Federal Rules of Civil Procedure must be met. Although Rule 15(a) instructs courts to "freely give leave [to amend] when justice so requires," a Rule 16(b) scheduling order "controls the course of the action," and the expiration of a relevant scheduling order deadline may foreclose the parties' opportunity to rely upon Rule 15(a)'s liberal stan-

dard. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir.2003) "Once a scheduling order's deadline passes, a plaintiff must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Id.* The present motion of the EEOC for leave to amend its complaint was filed more than two months after the Rule 16 deadline for amendments had passed. Accordingly, as a party seeking leave to amend *after* the deadline for amended pleadings, the EEOC must first surmount a Rule 16 hurdle by showing good cause for a modification of the scheduling order to allow for the belated amendment.

### A. *Good Cause Under Rule 16(b)*

 Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). A modification of the scheduling order by leave of court is appropriate only when a relevant deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Leary*, 349 F.3d at 906 (quoting Fed.R.Civ.P. 16, ACN to 1983 amend.). As such, the moving party's diligence in attempting to meet the requirements of the scheduling order is the primary measure of Rule 16(b)'s "good cause" standard. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir.2002) (citations omitted). It is important to note that "if a party is delayed in discovering the basis for amending its pleadings due to circumstances beyond its control, it may use that delay as a basis for arguing that a Rule 16(b) order deadline should be extended." *Permasteelisa CS Corp. v. Airolite Co.*, No. 2:06–cv–0569, 2007 WL 1683668, at *2 (S.D.Ohio June 8, 2007) (citing *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1173–74 (9th Cir.2007)). Prejudice to the non-moving party is a relevant consideration, "but the main focus should remain on the moving party's exercise of diligence." *Cooke v. AT & T Corp.*, No. 2:05–cv–374, 2007 WL 188568, at *2 (S.D.Ohio Jan. 22, 2007) (citing *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir.2005)).

 The key inquiry in the application of Rule 16(b)'s "good cause" standard here is whether the EEOC was diligent in its efforts to meet the scheduling order's deadline for amending the pleadings. In its motion, the EEOC asserts that, after the deadline for amended pleadings had expired, "evidence [arose]" in the course of "responding to [U–Haul's] discovery and in preparing for depositions" that was sufficient to support a retaliation claim on behalf of Baldwin. (Pl.'s Mem. Supp. 3.) The EEOC's motion and supporting memorandum are silent, however, on the nature and origin of this purported newly acquired evidence. The EEOC does not explain why it did not uncover, or could not have uncovered, the information giving rise to Baldwin's retaliation claim in time to amend the complaint in a timely fashion. Instead, the EEOC simply declares that "[t]he Commission diligently attempted to meet the scheduling order's requirement." (*Id.*)

U–Haul argues that the EEOC has not affirmatively shown good cause because the EEOC would have had ample time to comply with the initial Rule 16(b) deadline if the EEOC had acted diligently. (Def.'s Resp. Opp'n 5.) U–Haul contends that the EEOC has at least been on notice of Baldwin's potential retaliation claim for more than two and one-half years. (*Id.*) In support of its argument, U–Haul cites a portion of the EEOC's April 12, 2012 initial disclosures wherein the EEOC lists Baldwin as a person with knowledge and states that he "has information regarding ... retaliatory acts." (*Id.* at 2.) U–Haul also cites three notes contained in the EEOC's internal investigative file wherein Jan Mitchell ("Mitchell"), an EEOC investigator, documented various investigative findings and conversations with Baldwin. (*Id.* at 3.) The three relevant notes are dated January 22, 2010, March 22, 2010, and February 2, 2011, respectively. (*Id.*) Mitchell's notes, taken together, make up the very allegations the EEOC offers as the basis for its newly discovered retaliation claim: that U–Haul's human resources department instructed Baldwin to contact George, who would reinstate him, and that when Baldwin did contact George, she did not reinstate him because she said he had gone "over her head" in filing an EEO complaint.

While the EEOC vaguely asserts that evidence "came to light during the discovery period," U–Haul contends that the event triggering the EEOC's present request to add Baldwin's retaliation claim was the EEOC's belated detection of the relevant portions of Mitchell's notes, which had already been in the possession of the EEOC for more than two and one-half years. (Def.'s Resp. Opp'n 4–5.) The court need not adopt U–Haul's suggestion that the EEOC sat on its claim for over two and one-half years because, even under a conservative estimate, the EEOC had notice of a potential retaliation claim in ample time to meet the initial deadline for amended pleadings. Even assuming arguendo that the completed investigative file was the EEOC's first and only exposure to Mitchell's notes, the EEOC, if acting diligently, would have had at least six weeks to take action before the expiration of the deadline. The very latest the court is willing to assume the EEOC gained access to the investigative file is April 12, 2012, the date the EEOC gave a copy of the file to U–Haul in conjunction with initial disclosures. After learning of the information, if the EEOC believed that despite due diligence, it could not meet the May 31, 2012 deadline for amended pleadings, it could have sought leave to modify the scheduling order on a showing of good cause. The EEOC failed to do so.

If the EEOC had diligently read its own investigator's notes, it would have been able to comply with the scheduling order. Because the EEOC could have discovered the relevant information in ample time to take action prior to the scheduling order's deadline, its failure to do so shows a lack of diligence, rendering the request to amend untimely. *See Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 Fed.Appx. 369, 376 (6th Cir.2009) (upholding district court's denial of leave to amend because the plaintiff "could not adequately explain its delay in bringing the claims and "the factual basis for the new claims existed at the beginning of the lawsuit"). Moreover, the EEOC should have become aware of Baldwin's potential retaliation claim in the process of conferring with Baldwin to prepare this case. The EEOC has presumably been in contact with the complainant Baldwin since Baldwin filed his initial charge of discrimination with the EEOC on November 7, 2008. From that time, the EEOC has been uniquely situated to confer with Baldwin and elicit facts within his knowledge as to any retaliation on the part of U–Haul. The EEOC does not contend that U–Haul had superior or exclusive knowledge of the information supporting Baldwin's retaliation claim. Instead, as Mitchell's notes reveal, Baldwin himself knew of facts supporting the claim because, at least according to Baldwin, George actually told him that her reason for not reinstating him was related to his EEO complaint. This is not a case where "a party is delayed in discovering the basis for amending its pleadings due to circumstances beyond its control." *Permasteelisa*, 2007 WL 1683668, at *2. The EEOC alone is at fault for any delay in discovering facts actually known to Baldwin. *Cf.* 3 Moore's Federal Practice, ¶ 16.14[1][c] at 16–72.1 (recognizing that a movant may show good cause where "the need for more time was neither foreseeable nor its fault").

Accordingly, the court finds that the EEOC failed to act diligently in attempting to comply with the Rule 16(b) scheduling order. As such, the EEOC has not established good cause for amending the scheduling order under Rule 16(b). Because the court does not find good cause to amend the scheduling order, it is not necessary to consider whether U–Haul would suffer prejudice by allowing such an amendment.

B. *Leave to Amend the Complaint Under Rule 15(a)*

Because the court has determined that the scheduling order cannot be amended under Rule 16(b), the EEOC's motion to amend the complaint is untimely and is therefore denied. *See Leary*, 349 F.3d at 909.

CONCLUSION

For the foregoing reasons, the EEOC's motion for leave to amend the complaint is DENIED. Each party shall bear its own

costs and attorneys' fees incurred in relation to this motion.

IT IS SO ORDERED.